UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMEGA TOOL CORP.,

    Plaintiff,

v.

ALIX PARTNERS, LLP., ET AL.,

    Defendants.
                                   /

Case No. 08-14914

Honorable Nancy G. Edmunds

**ORDER (1) ACCEPTING AND ADOPTING BANKRUPTCY JUDGE'S JANUARY 15, 2010 PROPOSED CONCLUSIONS OF LAW REGARDING DEFENDANTS' MOTIONS TO DISMISS [46] WITH MINOR MODIFICATION, (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS, AND (3) OVERRULING OBJECTIONS EXCEPT MINOR MODIFICATION [47, 49, 50]**

This matter comes before the Court on (1) Bankruptcy Judge Phillip J. Shefferly's January 15, 2010 Opinion containing proposed conclusions of law granting in part and denying in part Defendants' motions to dismiss; (2) Plaintiff's limited objections; (3) corrected limited objection filed by Defendants AlixPartners, LLP and Richard S. Abbey ("AlixPartners Limited Objection"); and (4) objection filed by Defendants Robert Roberts, Robert Fines, Thomas Littman, and Kirtland Capital Partners, III L.P. ("Mayco Objection"). The Bankruptcy Judge's Opinion containing proposed conclusions of law and Proposed Order recommends that Defendants' motions be granted in part and all claims in Counts I through III and V through VII of Plaintiff's First Amended Complaint against all Defendants other than Defendant PNC Bank, N.A. be dismissed. It further recommends that Defendants' motions be granted in part and denied in part as to Plaintiff's claims in Court

IV alleging fraudulent misrepresentation by Defendants Roberts, Abbey, Kirtland, AlixPartners, and PNC Bank.  Specifically, it is recommended that Defendants' motions be granted and Plaintiff's claims in Count IV be dismissed as to all Defendants other than PNC Bank, N.C. on two of the alleged fraudulent misrepresentations addressed in Count IV and denied as to the remaining alleged fraudulent misrepresentation that Mayco Plastics, Inc. had not received pass through payments subsequent to execution of the Continuing Relationship Agreement.

This Court has reviewed *de novo* those matters in the Bankruptcy Judge's proposed conclusions of law to which Plaintiff and Defendants have specifically objected, as required under 28 U.S.C. § 157(c) and Rule 9033(d) of the Federal Rules of Bankruptcy Procedure. This Court ACCEPTS AND ADOPTS the Bankruptcy Judge's January 15, 2010 proposed conclusions of law regarding Defendants' motions to dismiss with the following minor modification.

Count IV of Plaintiff's First Amended Complaint alleging fraudulent representation asserts no claims against Defendants Robert Fines, Thomas Littman, and Steven W. Olmstead.  (AlixPartners Limited Objection at 1 n.1 and 5 n.7; Mayco Objection at 6.) Accordingly, the Bankruptcy Judge's Opinion at 20-21, 24-25 and the Proposed Order are modified to reflect the fact that all claims asserted by Plaintiff against these individual Defendants are dismissed.

All other Objections to the Bankruptcy Judge's proposed conclusions of law and proposed order are OVERRULED.  Plaintiff's Limited Objections are overruled for the reasons stated in Defendants' Response Briefs.  AlixPartners' Limited Objection is overruled because the Bankruptcy Judge's proposed conclusions of law comport with

prevailing Rule 9(b) principles.  As recently observed in *Woodland Harvesting, Inc. v. Georgia Pacific Corp.*, ___ F. Supp.2d ___, 2010 WL 199992 (E.D. Mich. Jan. 14, 2010), "[t]he threshold test under Rule 9(b) is 'whether the complaint places the defendant on sufficient notice of misrepresentations allowing the defendant[ ] to answer, addressing in an informed way plaintiff's claim of fraud.'"  *Id.* at *4 (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993)).  Although "[a] plaintiff must allege, at a minimum, 'the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme, the fraudulent intent of the defendants, and the injury resulting from the fraud,' . . . absolute precision is not necessarily needed. . . ."  *Id.* (quoting *Coffey*, 2 F.3d at 161-62).  The court cited with approval the holding in *Kukuk v. Fredal*, No. 99-74014, 2001 WL 1218557, at *5 (E.D. Mich. Aug. 1, 2001), that "a complaint alleging that defendant made representations during meetings held between October 7, 1996 and January 10, 1997 was . . . sufficient even though precise dates or locations were not provided."  *Woodland*, 2010 WL 199992 at *5.  The *Woodland* court concluded that "the 'time, place, and content' rule in *Coffey* can be relaxed so long as the complaint provides the defendant with sufficient notice [to] answer and defend the claim."  *Id.*  The Bankruptcy Judge's proposed conclusions of law comport with these principles and are thus accepted and adopted by this Court.  Finally, the Mayco Objection is overruled for the non-waiver reasons stated in Plaintiff's Response Brief at 3-7.

For the above-stated reasons, Defendants' motions to dismiss are GRANTED IN PART and DENIED IN PART.  All claims asserted in Counts I through III and V through VII of Plaintiff's First Amended Complaint are dismissed with respect to all Defendants other than PNC Bank, N.A. who did not file a motion to dismiss or join in the remaining

Defendants' motions to dismiss. All claims asserted by Plaintiff against Defendants Robert Fines, Thomas Littman, and Steven W. Olmstead are dismissed. Finally, as to the claims of fraudulent misrepresentation asserted in Count IV of Plaintiff's First Amended Complaint against Defendants Roberts, Abbey, Kirtland, AlixPartners, and PNC Bank, these claims are dismissed as to all Defendants except PNC Bank, N.A. on two of the alleged fraudulent misrepresentations identified in Court IV. Defendants' motions to dismiss are denied, however, as to the one remaining claim of fraudulent misrepresentation alleged in Count IV based on the alleged misrepresentation that Mayco Plastics, Inc. had not received pass through payments subsequent to execution of the Continuing Relationship Agreement.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 21, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 21, 2010, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager